IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| NATIVE ECOSYSTEMS COUNCIL, and ALLIANCE FOR THE WILD ROCKIES, | ) ) ) | CV 11-99-M-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| LESLIE WELDON, Regional Forester of Region One of the U.S. Forest Service, and UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, | ) ) ) ) ) | |
| Defendants. _____ | ) ) ) | |

The plaintiffs move the Court to clarify the deadline for filing a motion for attorney's fees and bill of costs. (Doc. 38). The motion is unopposed, but the Court denies it.

The plaintiffs note that, under Local Rule 54.1(a)(1) and Federal Rule of Civil Procedure 54(d)(2)(B)(i), a party has 14 days from entry of judgment to file its bill of costs and motion for attorney's fees.[1] Under these rules, a party may file

---

[1] The Federal Rules establish a deadline for filing a motion for attorney's fees, *see* Rule 54(d)(2)(B)(i), but they do not establish a deadline for filing a bill of costs, *see* Rule 54(d)(1). That deadline is set by Local Rule 54.1(a)(1).

1

its bill of costs and motion for attorney's fees even when the judgment is appealable.

Under the Equal Access to Justice Act, however, a party may "submit to the court an application for fees and other expenses" within 30 days of "final judgment," which the Act defines as "a judgment that is final and *not appealable* . . . ." 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G) (emphasis added). *See generally Melkonyan v. Sullivan*, 501 U.S. 89 (1991). While costs my be awarded under the Equal Access to Justice Act, *see* 28 U.S.C. § 2412(a)(1), (d)(1)(A), the 30-day deadline in § 2412(d)(1)(B) applies only to "fees and expenses," which do not include costs, contrary to the plaintiffs' suggestion. *See* § 2412(d)(2)(A); *see also Mons v. Astrue*, 2011 WL 855648 at *2 (D. Ariz. Mar. 10, 2011) (observing that "fees and expenses" do not include taxable costs and, therefore, "The filing deadlines set out in § 2412(d)(1)(B) for recovery of 'fees and other expenses' . . . do not govern the filing deadlines for requesting taxable costs under § 2412(a)(1)"). Since § 2412 does not set out a deadline for filing a bill of costs, the 14-day deadline in Local Rule 54.1(a)(1) applies to that filing. *See Mons*, 2011 WL 855648 at *2.

The plaintiffs claim that the deadlines established by the Local Rules, the Federal Rules, and the Equal Access to Justice Act are inconsistent. As a threshold

matter, to the extent that a federal statute governing the deadlines for filing a bill of costs and motion for attorney's fees is inconsistent with the Local and Federal Rules, the statute controls. For example, under Rule 54(d)(2)(B)(i), a motion for attorney's fees must be filed 14 days after the entry of judgment "[u]nless a statute . . . provides otherwise . . . ."[2] Similarly, under Local Rule 54.1(a)(1), a bill of costs must be filed within 14 days after entry of judgment; but, if a federal statute provides a different deadline, then the federal statute controls, *see* Fed. R. Civ. P. 83(a)(1) (stating that local rules "must be consistent with . . . federal statutes . . . ."). Again, though, as far as costs are concerned, the Equal Access to Justice Act does not establish a deadline for filing a bill of costs; therefore, Local Rule 54.1(a)(1) applies.

That being said, the Local and Federal Rules are not inconsistent with the Equal Access to Justice Act. If a party wants to file a bill of costs, it must do so under Local Rule 54.1(a)(1). But if a party wants to move for attorney's fees, there are two options. First, the party can move for attorney's fees while the judgment is still appealable. If it does so, then it must adhere to the deadlines in the Local and

---

[2] Parties should bear in mind, though, that Rule 54(d)(2) does not provide an independent basis for an award of attorney's fees. Under the "American Rule," a party must generally bear its own fees, unless a private agreement or statute provides otherwise. *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgt.*, 589 F.3d 1027, 1030 (9th Cir. 2009).

Federal Rules. But if the party wants to move for "fees and expenses" under the Equal Access to Justice Act—that is, wait to move until after the judgment is not appealable—then it must adhere to the Act's deadlines.[3]

The Court cannot issue an advisory order telling the parties which avenue it should take. *See Ursack Inc. v. Sierra Interagency Black Bear Group*, 639 F.3d 949, 955 (9th Cir. 2011) (citations omitted). Perhaps the only advice the Court can offer is to heed Yogi Berra's suggestion: "When you come to a fork in the road, take it."

IT IS ORDERED that the plaintiffs' unopposed motion to clarify the deadline for plaintiffs' Equal Access to Justice Act petition (doc. 38) is DENIED.

Dated this 4th day of April 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT

---

[3] Of course, a party may move for fees and costs under the Local and Federal Rules after the entry of a judgement that is not appealable, but, as discussed above, a federal statute governing the deadlines for such motions (if such a statute exists) will control.